United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS PENSION FUND, Derivatively on Behalf of Electronics for Imaging, Inc., *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>GUY GECHT, *et al.*,<br><br>      Defendants.<br><br>    and<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation<br><br>      Nominal Defendant.<br>_____/ | No. C-06-7274 EMC<br><br>**ORDER GRANTING DEFENDANT UNTERBERG'S MOTION TO CONSOLIDATE; AND SETTING BRIEFING SCHEDULE ON PLAINTIFF ANN ARBOR'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND REQUEST FOR COURT APPROVAL** |
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>GUY GECHT, *et al.*,<br><br>      Defendants.<br><br>    and<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation<br><br>      Nominal Defendant.<br>_____/ | No. C-06-7453 EMC |

|   |   |   |
|---|---|---|
| 1 | TRUEMAN PARISH, *et al.*, | No. C-07-0698 EMC |
| 2 | Plaintiffs, | |
| 3 | v. | |
| 4 | DAN AVIDA, *et al.* | |
| 5 | Defendants. | |
| 6 | and | |
| 7 | ELECTRONICS FOR IMAGING, INC., a Delaware Corporation | |
| 8 | Nominal Defendant. | |
| 9 | _____/ | |

The Court has related three lawsuits filed in this District: (1) *Indiana State District Council of Laborers & HOD Carriers Pension Fund v. Gecht*, No. C-06-7274 EMC; (2) *City of Ann Arbor Employees' Retirement System v. Gecht*, No. C-06-7453 EMC; and (3) *Parish v. Avida*, No. C-07-0698 EMC. Currently pending before this Court is Defendant Thomas Unterberg's motion to consolidate all three cases. Plaintiffs in the *Indiana State* and *Parish* cases do not oppose consolidation. Plaintiff in the *Ann Arbor* initially opposed consolidation but has now withdrawn that opposition because it is seeking to have its case voluntarily dismissed. Having reviewed the parties' briefs and accompanying submissions, the Court hereby **VACATES** the hearing on the motion to consolidate and further **GRANTS** the motion to consolidate with respect to the *Indiana State* and *Parish* cases. The Court defers ruling on the issue of consolidation with respect to the *Ann Arbor* case until after it resolves the matter of the *Ann Arbor* Plaintiff's notice of voluntary dismissal and request for Court approval.

## I. DISCUSSION

A. <u>Mr. Unterberg's Motion to Consolidate</u>

Consolidation is governed by Federal Rule of Civil Procedure 42(a). The rule states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions

2

consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Thus, the main question for a court in deciding whether to consolidate is whether there is a common question of law or fact. A common question or questions do not have to predominate. "All that is required is that the district court find they exist and that consolidation will prove beneficial." 8-42 Moore's Fed. Prac. -- Civ. § 42.10. "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Prejudice is another concern. *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550-551 (8th Cir. 1998) (noting that consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party"); *Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, Nos. C 04-2000 CW, C 06-2929 CW, 2006 U.S. Dist. LEXIS 58916, at *8 (N.D. Cal. Aug. 9, 2006) (noting that "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation"). The party seeking consolidation bears the burden of establishing that consolidation would result in judicial economy and convenience. *See Miller v. Ventro Corp.*, No. C 01-01287, 2001 U.S. Dist. LEXIS 26027, at *9 (N.D. Cal. Nov. 28, 2001).

In the instant case, Mr. Unterberg seeks to consolidate all three related cases, *i.e.*, *Indiana State*, *Ann Arbor*, and *Parish*. However, in light of the *Ann Arbor* Plaintiff's recently filed notice of voluntary dismissal and request for Court approval, the Court shall consider, at this juncture, only the issue of whether the *Indiana State* and *Parish* cases should be consolidated.

There is no doubt that these two cases involve common questions of both law and fact. Both actions involve allegations of stock option backdating by top insiders of EFI starting in the mid- to late 1990's and lasting for several years thereafter and that this backdating caused EFI to issue materially false and misleading financial statements and/or statements with the SEC. Moreover, both actions involve most of the same Defendants and further involve many of the same claims, *e.g.*, violation of § 14 of the Securities Exchange Act, an accounting, breach of fiduciary duty, unjust enrichment, rescission, and insider selling.

3

Because there are these common questions of law and fact and because there is no apparent inconvenience, delay, expense, or prejudice that would result if the cases were to be consolidated (notably, Plaintiffs do not oppose consolidation), and there is no opposition to consolidating the two cases, the Court hereby grants the motion to consolidate the *Indiana State* and *Parish cases*. *See* Moore's § 42.10 ("Courts have found that [shareholder derivative lawsuits against overlapping defendants] frequently share common issues of law and fact regarding allegations of violations of the securities laws despite an awareness that the particulars of each case may differ."). *See, e.g.*, *Brown v. Kelly*, No. C 06-04671 JW, 2006 U.S. Dist. LEXIS 89162, at *4 (N.D. Cal. Nov. 27, 2006) (concluding that two cases should be consolidated because they "involve[d] virtually identical factual and legal issues," with the "core issue" in both cases being "whether executives at Chordiant breached their fiduciary duties when they backdated stock options that were granted to them between 2000 and 2002"; also noting that there did not appear to be any "inconvenience, delay, or expense that would result from bringing the cases together"); *Berkowitz v. Fodor*, Nos. C 06-05353 JW, 2006 WL 3365587, at * 1 (N.D. Cal. Nov. 20, 2006) (concluding that two cases should be consolidated because they "involve[d] virtually identical factual and legal issues," with the core issue in both cases being "whether executives at Affymetrix breached their fiduciary duties when they backdated stock options that were granted to them between 1998 and 2002"; also noting that there did not appear to be any "inconvenience, delay, or expense that would result from bringing these cases together"); *Hacker v. Peterschmidt*, Nos. C 06-03468, C 06-04479, C 06-04509, C 06-04524, 2006 U.S. Dist. LEXIS 77325, at *10 (N.D. Cal. Oct. 12, 2006) (finding consolidation appropriate because "[t]he four related cases at issue all arise from the same alleged backdating of stock options by Openwave, and allege substantially overlapping causes of action"; also noting that there was no opposition to consolidation").

Of course, the Court has discretion as to what form consolidation should take with respect to these two cases. *See* Moore's § 42.10. In his motion, Mr. Unterberg does not identify what particular form of consolidation he favors, except to note that, at the very least, there should be a

4

consolidated complaint and that the issue of demand excuse should be consolidated.[1] Similarly, Plaintiffs in the *Indiana State* and *Parish* cases do not specify what form consolidation should take. Given the substantial overlap in law and facts between the two cases, the Court concludes that consolidation for all purposes, including pretrial *and* trial, is appropriate. *See Hacker*, 2006 U.S. Dist. LEXIS 77325, at *10 (ordering consolidation for all purposes, including trial, in cases involving backdating stock options).

B.    *Ann Arbor* Plaintiff's Notice of Voluntary Dismissal and Request for Court Approval

The Court has received the *Ann Arbor* Plaintiff's notice of voluntary dismissal and request for Court approval. The Court hereby orders that any response to Plaintiff's notice and request be filed and served no later than **March 30, 2007**.

The Court further orders that the *Ann Arbor* Plaintiff file and serve by **March 30, 2007**, a supplemental brief citing any authority to support its position that the notice requirement of Rule 23.1 is inapplicable under the circumstances. *See* Fed. R. Civ. P. 23.1 (providing that a derivative action "shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise *shall* be given to shareholders or members in such manner as the court directs") (emphasis added); *see also Beaver Assocs. v. Cannon*, 59 F.R.D. 508, 511-12 (S.D.N.Y. 1973) (concluding that notice was not excused even though there were other suits asserting derivative claims similar to those presented in the case under consideration; noting that the other cases were being challenged on procedural grounds which defendants could not raise in the case under consideration so that "any dismissal of the complaint herein at this time might result in the loss to the corporation of its only forum for considering the merits, if any, of the asserted derivative claim"). In the supplemental brief, the *Ann Arbor* Plaintiff should address what form of notice should be given, should the Court conclude that notice is required under Rule 23.1.

---

[1] Because Mr. Unterberg favors, at the very least, a consolidated complaint, consolidation of all pretrial proceedings, including discovery, is warranted. *See* Moore's § 42.10 (noting that "[t]he practical effect of a consolidated pleading is that it eliminates the need for multiple answers to multiple complaints and streamlines discovery, allowing it to be directed to the consolidated complaint, rather than to each individual plaintiff's complaint").

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Unterberg's motion to consolidate the *Indiana State* and *Parish* cases. These cases shall be consolidated for all purposes. The Court defers ruling on the issue of consolidation with respect to the *Ann Arbor* case until after it resolves the matter of the *Ann Arbor* Plaintiff's notice of voluntary dismissal and request for Court approval.

In light of this order, the hearing on the motion to consolidate is vacated. The Court further vacates the case management conference scheduled for March 28, 2007, and resets the case management conference for April 13, 2007, at 2:00 p.m.

Finally, the parties are required to provide briefing with respect to the *Ann Arbor* Plaintiff's notice of voluntary dismissal and request for Court approval as specified above.

This order disposes of Docket No. 18 in Case No. C06-7274, Docket No. 24 in Case No. C06-7453, and Docket No. 8 in Case No. C07-0698.

IT IS SO ORDERED.

Dated: March 22, 2007

EDWARD M. CHEN
United States Magistrate Judge