**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS PENSION FUND, Derivatively on Behalf of Electronics for Imaging, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GUY GECHT, *et al.*,<br><br>    Defendants.<br><br>    and<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation<br><br>    Nominal Defendant.<br>_____/ | No. C-06-7274 EMC<br>(Related cases)<br><br>(Also consolidated case with C07-0698 EMC)<br><br><br><br>**CORRECTED ORDER GRANTING PLAINTIFF ANN ARBOR'S REQUEST FOR COURT APPROVAL OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>**(Correction made on page 4 in bold)**<br><br>**(Docket No. 47 in C-06-7453 EMC)** |
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GUY GECHT, *et al.*,<br><br>    Defendants.<br><br>    and<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation<br><br>    Nominal Defendant.<br>_____/ | No. C-06-7453 EMC<br>(Related cases) |

United States District Court
For the Northern District of California

| | |
|---|---|
| TRUEMAN PARISH, *et al.*, | No. C-07-0698 MEJ |
| Plaintiffs, | (Related cases) |
| v. | (Also consolidated case with C06-7274 EMC) |
| DAN AVIDA, *et al.* | |
| Defendants. | |
| and | |
| ELECTRONICS FOR IMAGING, INC., a Delaware Corporation | |
| Nominal Defendant. | |
| _____/ | |

Plaintiff in Case No. C-06-7453 has filed a notice of voluntary dismissal without prejudice and request for Court approval pursuant to Federal Rules of Civil Procedure 23.1 and 41(a).

The Court hereby finds that the *Ann Arbor* Plaintiff is entitled to a voluntary dismissal of its case without prejudice. As the *Ann Arbor* Plaintiff notes in its letter of March 20, 2007, *see* Docket No. 49, none of the Defendants in the case has answered the complaint or moved for summary judgment. In addition, although Thomas Unterberg, the only Defendant in the case to make an appearance, has not signed a stipulation of dismissal, neither he nor any of the parties in the two related cases filed an opposition to the *Ann Arbor* Plaintiff's notice and request.[1] The dismissal shall be without prejudice.

The Court further finds that notice of the dismissal is not required under Rule 23.1. Although the language of the rule could be read to require notice,[2] case law indicates that such notice may be obviated if the corporation will not suffer prejudice and there is no trace of collusion between the plaintiff(s) and the defendant(s). *See, e.g.*, *Beaver Assocs. v. Cannon*, 59 F.R.D. 508,

---

[1] The Court previously ordered that any response to the notice and request be filed by March 30, 2007.

[2] Rule 23.1 provides in relevant part as follows: "The [shareholder derivative] action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." Fed. R. Civ. P. 23.1.

511 (S.D.N.Y. 1978) ("[D]ismissal of the derivative claim by order of the Court should be possible without the expense of Rule 23.1 notice, *if* no benefit is lost to the corporation and no trace of collusion is perceived. However, if such dismissal may sacrifice an advantage to the corporation or may be predicated upon a private agreement between the parties, the protections of Rule 23.1 notice must be safeguarded.") (emphasis in original); *Sheinberg v. Fluor Corp.*, 91 F.R.D. 74, 75 (S.D.N.Y. 1981) ("[W]e are satisfied that none of the reasons which underlie the notice requirements of Fed. R. Civ. P. 23 and 23.1 with respect to voluntary discontinuances are operative here; no one's rights are being cut off and no potential abuses are present.").[3] In the instant case, it is unlikely that the dismissal would prejudice the corporation given that the same or similar claims are being litigated in the two related cases in this Court as well as a case in another fora (*i.e.*, Delaware state court). Indeed, Plaintiffs intend to join the Delaware action once this case is dismissed. Nor is there any evidence suggesting there is any collusion between the *Ann Arbor* Plaintiff and Mr. Unterberg (or any of the Defendants in the case).

Accordingly, the Court hereby **GRANTS** approval of the *Ann Arbor* Plaintiff's voluntary dismissal without prejudice and further holds that no notice to shareholders or members is required under Rule 23.1.

///

///

///

---

[3] As the *Ann Arbor* Plaintiff notes, a prior version of Federal Rule of Civil Procedure 23(e) was similarly understood by several courts as not requiring notice in spite of language that could be read as dictating mandatory notice. *See, e.g.*, *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir. 1978) ("[I]f [the court] has found neither collusion nor prejudice, it is within the discretion of the District Court, under the facts of the particular case, to approve the dismissal without requiring a certification determination or a notice as mandated by 23(e)."); *Selby v. Principal Mut. Life Ins. Co.*, 98 Civ. 5283 (RLC), 2003 U.S. Dist. LEXIS 21138, at *14 (S.D.N.Y. Nov. 21, 2003) ("The general view is that Rule 23(e) requires notice of compromise or dismissal 'in all cases under Rule 23.' Courts have allowed limited exception to the rule, however, where class members will not be prejudiced by a compromise or dismissal without notice."; *Austin v. Pennsylvania Dep't of Corrections*, 876 F. Supp. 1437, 1455 (E.D. Penn. 1995) ("When the dismissal or settlement of a class action is without prejudice and will not prevent any class member from bringing a subsequent action, courts have held that the notice provision of Rule 23(e) is inapplicable."); *Larkin General Hosp., Ltd. v. American Tel. & Tel. Co.*, 93 F.R.D. 497, 503 (E.D. Penn. 1982) ("[T]he majority of cases confronting this issue agree . . . that rule 23(e) does not contain an absolute notice requirement.").

The hearing on Mr. Unterberg's motion to dismiss is **VACATED** in light of the dismissal. The Clerk of the Court is directed to enter judgment and close the file in the *Ann Arbor* case. This order disposes of Docket No. 47 in C-06-**7453**.

IT IS SO ORDERED.

Dated: April 3, 2007

EDWARD M. CHEN
United States Magistrate Judge

4